LOCAL PROB 12N
(05/15)

# UNITED STATES DISTRICT COURT
## for
## Connecticut

### First Petition for Action Request for Compliance Review Hearing

Name of Offender: Donald Ogman        Docket Number: 0205 3:12CR00074-001

Sentencing Judicial Officer: The Honorable Stefan R. Underhill, U.S. District Judge

Date of Original Sentence: August 10, 2022

Original Offense: Conspiracy to Possess with Intent to Distribute 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)

Original Sentence: 188 months' Bureau of Prisons; 60 months' Supervised Release

Type of Supervision: Supervised Release        Date Supervision Commenced: August 10, 2022

AUSA: Anthony E. Kaplan        Defense Attorney: Terence S. Ward

☐ **Sentence is for a Violation of TSR**

---

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Noncompliance | Nature of Noncompliance |
|---|---|
| Charge # 1 Special | For the first six months of that supervised release term, Mr. Ogman will be subject to home detention (with the form of location monitoring selected at the discretion of the assigned United States Probation Officer). |
| | On November 24, 2022, Mr. Ogman was given permission to attend a Thanksgiving event at a private hall in Wallingford, Connecticut, that his family arranged for him. Mr. Ogman made several unauthorized stops prior to going to the hall. His first stop was at approximately 13:06 at 194 Hamilton Street, New Haven, Connecticut. Mr. Ogman remained at this location until 14:03. At 14:15, he stopped at 957 CT-10 in New Haven, which is what appears to be a home on Ella Grasso Boulevard in New Haven. He remained on Ella Grasso Boulevard until 14:30. Mr. Ogman admitted to these stops when confronted by the undersigned officer. |
| Charge # 2 Special | For the first six months of that supervised release term, Mr. Ogman will be subject to home detention (with the form of location monitoring selected at the discretion of the assigned United States Probation Officer). |
| | On December 12, 2022, Mr. Ogman was approved to work at Dollar General in Derby, Connecticut. He made a single brief unapproved stop |

at 750 Congress Avenue in New Haven, Connecticut. While no additional unapproved stops appear on this date, his travel path from his home in Wallingford, Connecticut to his employer in Derby should not have included any travel through New Haven, especially his former neighborhood in the Hill Section of New Haven.

| | Charge # 3 Special | For the first six months of that supervised release term, Mr. Ogman will be subject to home detention (with the form of location monitoring selected at the discretion of the assigned United States Probation Officer). |
|---|---|---|

On December 14, Mr. Ogman was approved to attend substance abuse treatment at MAAS in New Haven. At approximately 11:11, Mr. Ogman stopped at 1519 Ella Grasso Boulevard in New Haven until approximately 11:30.

| | Charge # 4 Special | The defendant shall not associate with any members of the Crips or any other organized street gang. If found to be in the company of such individuals, the Court will presume that the association is for the purpose of participating in gang activities. |
|---|---|---|

On December 8, 2022, Mr. Ogman had contact with, and was given a ride home from his employment, from a person known to be affiliated with the Crips. The individual is also on supervised release and also on GPS location monitoring. Mr. Ogman admitted to this contact and having ongoing contact previously with this individual.

| | Charge # 5 Standard #9 | The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. |
|---|---|---|

As noted in Charge # 2, Mr. Ogman had contact with an individual known to the undersigned officer, and Mr. Ogman, to be on supervised release without the permission of the undersigned officer.

U.S. Probation Officer Action:
On November 30, 2022, Mr. Ogman was given permission to attend his substance abuse program and attend a job interview immediately after. The undersigned officer reviewed Mr. Ogman's GPS tacker movement from this same date and noted several unauthorized stops in New Haven and West Haven, Connecticut. The undersigned officer inquired via text message the reason for the unauthorized stops and shared a photo of the GPS data with Mr. Ogman. He advised that his cousin was the person who provided him with transportation and she needed to make several stops. Mr. Ogman was advised that this was unacceptable as a similar conversation was held previously with him and he reported he could not control who provides him transportation.

On December 21, 2022, the undersigned officer, along with Nicole Owens, Supervisory U.S. Probation

Officer, held a meeting with Mr. Ogman to discuss the above charged conduct in detail. With respect to the above noted location monitoring non-compliance, Mr. Ogman in short admitted to making the additional stops, but advised that the behavior was related to not being in control of his transportation. He was instructed to not make any additional unapproved stops to protect himself from further issues. Mr. Ogman consented to not accept transportation from anyone not willing to transport him without making any additional stops.

In regard to the contact with a person who is dually a person known to be associated with the Crips and a convicted felon, Mr. Ogman reported that he had been having ongoing contact with this person and he stated that he believed that his special condition prohibiting this contact was interpreted to mean he would not have any contact with any current members of the Crips. It is noted that on December 9, 2022, the contact was addressed with Mr. Ogman, and he promptly admitted and claimed he was unclear to the interpretation of his prohibition against contacting members of the Crips. The undersigned officer advised Mr. Ogman that he should not have any contact with any current or past members of the Crips. During the meeting on December 21, 2022, Mr. Ogman advised that he had continued conversations with the person (mentioned above) and that he was aware of the circumstances that occurred at a violation hearing of this individual on December 15, 2022. The undersigned officer again reiterated to Mr. Ogman that he should not have any direct or indirect contact, either via telephone, or otherwise with any current or past member of the Crips. Mr. Ogman claimed that he was not aware that his restrictions were extended to telephone contact as well. The undersigned officer made it abundantly clear that he is prohibited from all forms of communication with members of the Crips.

U.S. Probation Officer Recommendations:
The U.S. Probation and Pretrial Services Office respectfully recommends Mr. Ogman appear before the Court for a non-compliance hearing considering Mr. Ogamn himself requested a hearing and also so that the Court may have an opportunity to address him specifically regarding the non-compliance across several domains.

Respectfully Submitted:

Avimael Aponte
Senior U.S. Probation Officer
Date:             January 3, 2023

☐ Submit a request for modifying the condition or term of supervision
☒ Issue a summons for a compliance review hearing
☐ Submit request for summons for a violation hearing
☐ Submit request for warrant for a violation hearing
☐ Other

 

_____
Judicial Officer

_____
January 3, 2023
Date

**Submit by Email**   **Print**   **Save As...**